STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1462

STATE OF LOUISIANA IN THE INTEREST OF P.S.T.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 2008-TP-00006
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED AND RENDERED.**

Ezell, J., dissents and assigns written reasons.
Painter, J. dissents for the reasons assigned by Judge Ezell.

Camille Joseph Giordano
Giordano & Giordano
1405 Metro Drive, Bldg. 1
Alexandria, La 71301
(318) 445-5567
Counsel for Appellee:
P. S. T.

**Guy Richard Lain**
**Attorney at Law**
**100 Serio Blvd.**
**Ferriday, LA 71334**
**(318) 757-3667**
**Counsel for Appellee:**
**State of Louisiana**

**Brian K. Thompson**
**Attorney at Law**
**P. O. Box 13984**
**Alexandria, LA 71315**
**(318) 473-0052**
**Counsel for Appellant:**
**M. H.**

**PICKETT, Judge.**

M.R.H. appeals the judgment of the trial court terminating her parental rights to her son, P.S.T.

## STATEMENT OF THE CASE

M.R.H. is the mother of P.S.T., a nine-year-old boy. M.R.H. is incarcerated for multiple felonies, including theft and forgery. Her terminal release date is April 16, 2016, when P.S.T. will be sixteen.

P.S.T. lived with his mother until she was incarcerated when he was four years old. When she entered prison, P.S.T. lived with his father, L.S.T. The child was removed from L.S.T.'s custody and adjudicated a child in need of care in June 2006, when the state learned that L.S.T.'s wife had been abusing P.S.T. L.S.T. has been in the custody of the state since June 2006, residing with foster parents.

After P.S.T. entered state custody, L.S.T. disappeared. The state asked M.R.H. to submit the names of relatives or friends with whom P.S.T. could live while she served her prison term. M.R.H. provided the state with the name of a friend who was already caring for M.R.H.'s daughter. The state determined that placement with that friend was not viable. M.R.H. was unable to provide any other alternatives.

On March 31, 2008, the state filed a Petition for Termination of Parental Rights and Certification of Minor Child for Adoption, seeking to terminate the parental rights of both L.S.T. and M.R.H. At the time of the trial in July 2008, L.S.T. was absent and represented by a curator. His parental rights were terminated, and he has not appealed that determination.

1

The state proceeded against M.R.H. at the same time on the basis of La.Ch.Code art. 1015(6), which provides incarceration and failure to provide a plan for a child's care as a ground for termination. The trial court found that the state had met its burden of proof and terminated the parental rights of M.R.H. She now appeals.

## ASSIGNMENT OF ERROR

The defendant-appellant, M.R.H., asserts one assignment of error:

The trial court erred in its ruling that the termination of parental rights was in the best interests of the minor child, as mandated by Louisiana Children's Code Article 1037(B).

## DISCUSSION

Louisiana Children's Code Article 1015(6) states:

The grounds for termination of parental rights are:
. . . .
(6) The child is in the custody of the department pursuant to a court order or placement by the parent; the parent has been convicted and sentenced to a period of incarceration of such duration that the parent will not be able to care for the child for an extended period of time, considering the child's age and his need for a safe, stable, and permanent home; and despite notice by the department, the parent has refused or failed to provide a reasonable plan for the appropriate care of the child other than foster care.

In addition to the grounds set forth in La.Ch.Code art. 1015, the state must also prove that termination of parental rights is in the best interests of the child. La.Ch.Code art. 1037(B). In this case, the state "bears the burden of establishing each element of a ground for termination of parental rights by clear and convincing evidence." La.Ch.Code art. 1035(A). This court reviews findings in an involuntary termination

2

of parental rights case under the manifest error standard of review. *State in the Interest of K.G. and T.G.*, 02-2886, 02-2892 (La. 3/18/03), 841 So.2d 759.

In this appeal, M.R.H. does not contest the trial court's finding that the state proved by clear and convincing evidence that she was incarcerated for an extended period of time and failed to provide an adequate plan for the care of the minor child. Rather, M.R.H. asserts that the state failed to prove that termination was in the best interests of the child. Since P.S.T. entered state custody, she argues, M.R.H. and P.S.T. have visited monthly and developed a significant bond. M.R.H. and P.S.T. have begin to discuss plans for when M.R.H. is released from prison.

The social worker assigned to the case testified that the foster parents who care for P.S.T. have considered adoption and that she had discussed the possibility of adoption with P.S.T. Even if the foster parents did adopt, the social worker indicated that they planned to facilitate P.S.T.'s visits with his mother. She did not testify that the foster parents were committed to adoption. While the foster parents have established a good relationship with P.S.T., he remains close to his mother. The foster parents did not testify in this case.

We note that while La.Ch.Code art. 1037(B) mandates the entry of written findings on the grounds for termination and the best interests of the child when a trial court terminates parental rights. Here, the trial court failed to enter written reasons, though it did enter an oral ruling immediately after the trial. In its oral reasons for ruling, the trial court clearly articulated why the state had met the grounds for termination of M.R.H.'s parental rights pursuant to La.Ch.Code art. 1015(6). The

3

trial court only mentioned the best interests of the child in response to a request by M.R.H.'s counsel after it had made a decision. The court cited the need for permanency and stability in P.S.T.'s life, but failed to articulate the reason why termination of *this* parent's parental rights to *this* child are in the best interests of the child. Likewise, the court failed to articulate why the possibility of permanency outweighs the mother's rights. The trial court was obviously concerned about the well-being of the P.S.T. as a result of its judgment terminating parental rights, evidenced by the fact that the trial court ordered counseling for P.S.T. and M.R.H. concerning termination and adoption in its final judgment.

The evidence indicates that P.S.T. is doing well with foster parents and has established a bond with his mother that includes plans after her future release from jail. While we agree that this situation is not ideal, we cannot say that termination of M.R.H.'s parental rights is in the best interests of P.S.T. This is especially true in light of the uncertainty regarding the foster parents' willingness to adopt and the concern of all the parties, including the trial court, about P.S.T.'s well-being in light of a judgment of termination. We find the state failed to prove by clear and convincing evidence that termination of M.R.H.'s parental rights is in the best interests of P.S.T. *See State in the Interest of C.D. and J.C. v. L.C.*, 01-663 (La.App. 3 Cir. 10/3/01), 796 So.2d 844, *writ denied*, 01-2986 (La. 11/20/01), 801 So.2d 1079.

4

## CONCLUSION

The judgment of the trial court terminating M.R.H.'s parental rights is reversed.

Costs of this appeal are assessed to the state in the amount of $895.50.

**REVERSED AND RENDERED.**

5

STATE OF LOUISIANA IN THE INTEREST OF P.S.T.

EZELL, J. dissents.

In this termination of parental rights case, the mother of the child has been in prison since 2004 and will not be released until April 16, 2016. The majority proposes to reverse the trial court's ruling terminating the parental rights of the mother. The father does not object to the termination of his parental rights. The majority finds that the State does not prove that termination of the mother's rights were proven by the State.

The child was born on October 15, 1999, thus making the child nine-and-a-half years old currently. He has not been cared for by his mother for almost five years. The first visit with the mother was in prison on September 18, 2006 and this began regular visits by the child.

Only in exceptional cases, when a parent was not absent or did not cause the child to be placed in the State's care, have we reversed a termination case. When that parent objects to his or her rights being terminated. This mother has a past history of irresponsible actions and illegal activity and caused herself to be sentenced to a period of incarceration of such duration that she will not be able to care for this child for an extended period of time. This fact, along with five other factors; (1) the child's age, (2) the child's need for a safe loving environment, (3) the child's need for a stable lifestyle, (4) a permanent place of residence (including school, church and friends), and (5) failure of this mother to provide a plan for this child other than foster

care, must be looked at as the factors in determining the best interest of this child. All of these factors were not favorable on the mother's part. Clear and convincing evidence is really a question for the trial judge, and we can only review under a manifest error standard. I can only say that I find clear and convincing evidence that it is not in the best interest of this child to rely on the hopes of a parent.

After reading the record, I have not found any testimony to show that this mother and child have a significant bond. All parents love their children, but in some cases love is not enough. This parent committed these crimes when she was pregnant with this child. I did find evidence that the child and mother have verbalized that they love each other. But to me, the evidence presented is clear that this little boy could be adopted. The testimony of the CASA worker indicates that the foster parents have made this child a part of their family.

Again, I must say that this court and the first circuit, in exceptional cases, have not terminated the parental rights when the parent can not provide for a child and or has not provided a reasonable plan for the care of the child. I do not find this to be an exceptional case. *In the Interest of C.D. and J.C. vs. L.C.*, 01-663 (La.App. 3 Cir. 10/3/01), 769 So.2d 844, can be distinguished from the case before us.

I must respectfully disagree with the majority's opinion to reverse the trial court.