GUIDRY, J.
dissenting.
11 Based on my review of the record before us on appeal, I find that I cannot agree with the decision to reverse the juvenile court. Although I agree with the opinion finding that the ground of nonsupport under La. Ch. C. art 1015(4)(b) was clearly met, in reading the juvenile court’s reasons for judgment, it appears equally evident that the court’s reason for denying the state’s petition was not because it found the ground was not met, but because the court found it was not in the best interest of the child. The court expressly referred to the child’s close relationship -with his father and the father’s difficulty in securing and maintaining employment, due largely to his criminal history. Additionally, the juvenile court was critical of the department’s handling of the case. The record shows that several case workers were assigned to this case and the juvenile court expressly found that certain case workers did not do all that they could do to assist the father and support the father in working his case plan. This finding by the juvenile court was amply supported by evidence in the record that illustrated the father was much more successful in complying with his case plan when supervised by other case workers who better performed their duties.
laThus, considering the entirety of the juvenile court’s reasons for judgment, I believe the juvenile court ■ expressed a' sound and supported factual basis for denying the state’s petition to terminate the father’s parental rights,-to which this court should defer. Specifically, the record shows, and the juvenile court found, that the evidence did NOT show a manifestation of the father’s intention to permanently avoid all parental responsibility. See State in the Interest of P.S.T., 08-1462 (La.App. 3d Cir.5/6/09), 11 So.3d 565, va *326 cated, 09-1481 (La.7/27/09), 17 So.3d 362 (wherein although the supreme court vacated the decision of the appellate court, which had reversed the trial court’s judgment of termination, the supreme court nevertheless maintained the reversal of the trial court’s judgment and remanded the matter for further proceedings in light of the fact that the mother was to be released from prison at an earlier date. This fact is noteworthy when considered in conjunction with the appellate court’s finding that termination of the mother’s parental rights was not warranted as the child remained close to his mother, despite the good relationship the child had with his foster parents); and State v. F.Y., 05-920 (La.App. 3d Cir.3/1/06), 924 So.2d 1164, writ denied, 06-0932 (La.5/26/06) 930 So.2d 35 (wherein the appellate court AFFIRMED the decision of the trial court, observing “that the paramount interest in termination proceedings is the best interest of the childx-en involved” and “termination of a parent’s right is not in the best interest of the children when, even if a parent has failed to comply with the case plan in the past, the parent’s recent behavior indicates a reasonable expectation of improvement in the near future.” (Emphasis added.)); and compare State in the Interest of E.M.M., 12-229 (La.App. 3d Cir.7/5/12), 96 So.3d 668 (Amy, J., dissenting), rev’d, 12-1794 (La.8/13/12), 95 So.3d 1057 (wherein the supreme court reversed the appellate court for the reasons stated in the appellate court’s dissenting opinion. In that dissent, the dissenting judge specifically found that there was “no evidence regarding the |sfather’s circumstances so compelling as to undermine the trial court’s decision” regarding the father’s failure to provide support. Such is not the case in the present matter. There WAS evidence that the juvenile court found compelling as to the father’s circumstances. Further in E.M.M., the dissent noted that “the father’s past history supports a conclusion that there is a lack of any reasonable expectation of significant improvement in his conduct in the future.” Again, such is not the case in the present matter).
Accordingly, as the termination of a parental rights is such a harsh and potentially detrimental decision, and considering the unique position of the juvenile court in this matter to personally observe the parties and witnesses while assessing the evidence and making its decision, I believe proper appellate review requires deferring to the determinations of the juvenile court in this matter. I therefore respectfully dissent-from the majority opinion holding otherwise.